JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gonzalez, Miguel

## DEFENDANTS
United States of America and Shubhra Shetty, M.D.

(b) County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Samuel A. Anyan, Jr., Esquire - (215) 569-0900
WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER
2000 Market Street, Suite 2750, Philadelphia, PA 19104

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☒ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §2671, et seq.
Brief description of cause:
Federal Tort Claims Act for Misdiagnosis of HIV

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
20,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
07/01/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: *Miguel Gonzalez - 1250 Anders Road, Lansdale, PA 19446*

Address of Defendant: *Philadelphia VA Medical Center, 3900 Woodland Ave, Philadelphia, PA*

Place of Accident, Incident or Transaction: *Philadelphia VA Medical Center*      *19104*

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?      Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐   No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) *Federal Tort Claims Act*

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

  ☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  ☐ Relief other than monetary damages is sought.

DATE: *7-1-16*      _____      *202503*
               Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: *7-1-16*      _____      *202503*
               Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: *Miguel Gonzalez - 1250 Anders Road, Lansdale, PA 19446*

Address of Defendant: *Philadelphia VA Medical Center, 3900 Woodland Ave, Philadelphia, P 19104*

Place of Accident, Incident or Transaction: *Philadelphia VA Medical Center*
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) *Federal Tort Claims Act*

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: *7-1-16*   _____   *202503*
                  Attorney-at-Law       Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: *7-1-16*   _____   *202503*
                  Attorney-at-Law       Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Miguel Gonzalez                    :          CIVIL ACTION

                      v.          :

United States of America
and Shubhra Shetty, M.D.          :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

7/1/16          Samuel A. Anyan, Jr.          Plaintiff
**Date**          **Attorney-at-law**          **Attorney for**

215-569-0900     215-569-4621          AnyanS@wnwlaw.com
**Telephone**          **FAX Number**          **E-Mail Address**

(Civ.6 60) 10/02

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGUEL GONZALEZ** | : | |
| 1250 Anders Road | : | |
| Lansdale, PA 19446 | : | |
| *Plaintiff* | : | CASE NO. _____ |
| | : | |
| *VS.* | : | |
| | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| *and* | : | |
| | : | |
| **SHUBHRA SHETTY, M.D.** | : | |
| 3900 Woodland Avenue, | : | |
| Philadelphia , PA 19104 | : | |
| *Defendants* | : | |
| | : | |

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, Miguel Gonzalez ("Gonzalez"), by and through counsel, for his Complaint against Defendants, United States of America and Shubhra Shetty, M.D. states as follows:

## INTRODUCTION

1.      This is an action against Defendants, United States of America and Shubhra Shetty, M.D., under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Plaintiff, Gonzalez, at the Philadelphia VA Medical Center.

2.      The claims herein are brought against the Defendants pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1) for money damages as compensation for personal injuries caused by the Defendants' negligence.

3.      Plaintiff, Gonzalez, has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. *See Standard Form 95, attached as Exhibit "A"*.

4.      This suit has been timely filed, in that plaintiff, Gonzalez, timely served notice of his claim on both the Department of Veterans Affairs and the United States Department of Justice within two years after such claim accrued.

5.      Plaintiff, Gonzalez, is now filing this Complaint pursuant to 28 U.S.C. §2401(b) as a final denial of Plaintiff's administrative claim has occurred, due to the Department of Veterans Affairs' failure to make final disposition of the claim within six (6) months after the claim was filed, pursuant to 28 U.S.C. §2675(a). *See July 31, 2015 Correspondence Acknowledging Receipt of Standard Form 95, attached as Exhibit "B".*

<u>**PARTIES, JURISDICTION AND VENUE**</u>

6.      Plaintiff, Gonzalez, is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at the above address.

7.      Defendant, United States of America, through its agency, U.S. Department of Veterans Affairs, operates the Philadelphia VA Medical Center located at 3900 Woodland Avenue, Philadelphia, PA 19104.

8.      Defendant, United States of America, through its agency, U.S. Department of Veterans Affairs d/b/a Philadelphia VA Medical Center, includes its directors, officers, operators, administrators, employees, agents and staff at the Philadelphia VA Medical Center.

9.      Defendant, Shubhra Shetty, M.D., is now, and at all times material hereto, was a licensed physician maintaining an office for the practice of medicine at the address stated above.

10.      At all times material hereto, Defendant, Shubhra Shetty, M.D., was in the course and scope of her employment with Defendant, United States of America, through its agency, U.S. Department of Veterans Affairs d/b/a Philadelphia VA Medical Center.

11.      At all times relevant hereto, Defendant, Shubhra Shetty, M.D., was the agent/servant/employee of Defendant, United States of America, through its agency, U.S. Department of Veterans Affairs d/b/a Philadelphia VA Medical Center, under Defendant, United States of America, through its agency, U.S. Department of Veterans Affairs d/b/a Philadelphia VA Medical Center's control or right of control.

12.      At all times relevant to this Complaint, Defendants, Shubhra Shetty, M.D. and the directors, officers, operators, administrators, employees, agents and staff at the Philadelphia VA Medical

2

Center were employed by and/or acting on behalf of the Defendant, United States of America, through its agency, U.S. Department of Veterans Affairs d/b/a Philadelphia VA Medical Center.

13.     Defendant, United States of America, through its agency, U.S. Department of Veterans Affairs d/b/a Philadelphia VA Medical Center, is responsible for the negligent acts of their employees and agents, including Defendant, Shubhra Shetty, M.D., under respondeat superior.

14.     At all times relevant to this case, the directors, officers, operators, administrators, employees, agents and staff, including Defendant, Shubhra Shetty, M.D., acted within their respective capacities and scopes of employment for the Defendant, United States of America, through its agency, U.S. Department of Veterans Affairs d/b/a Philadelphia VA Medical Center.

15.     At all times relevant to this Complaint, Defendants, held themselves out to the Plaintiff and eligible beneficiaries, as providers of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

16.     The directors, officers, operators, administrators, employees, agents and staff of Defendant, United States of America, through its agency, U.S. Department of Veterans Affairs d/b/a Philadelphia VA Medical Center, including Defendant, Shubhra Shetty, M.D., negligently and/or recklessly, directly and proximately caused personal injury to plaintiff Gonzalez, including both acts of omissions and acts of commission.

17.     Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

18.     Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Eastern District of Pennsylvania.

**FACTUAL ALLEGATIONS**

19.     On or about November of 1998, Plaintiff came under the care of Defendants.

20.     On or about November of 1998, Plaintiff was misdiagnosed by Defendants and was informed that he had tested positive for Human Immunodeficiency Virus ("HIV").

21.     Throughout several visits to Defendant Philadelphia VA Medical Center, between 1998 and 2014, Plaintiff's positive HIV status was reaffirmed by Defendants.

3

22.     Several of Plaintiff's medical records between 1998 and 2014 at Defendant, Philadelphia VA Medical Center, note positive HIV status, originally recorded in his chart by Defendant, Shubhra Shetty, M.D.

23.     On or about November 10, 2014, Plaintiff was informed that he was not HIV positive and that he had been improperly diagnosed on or around 1998.

24.     As a result of the misdiagnosis by Defendants, Plaintiff's life was significantly altered.

25.     As a result of the misdiagnosis by Defendants, Plaintiff abandoned his family and suffered from significant mental and emotional distress.

26.     As a result of the misdiagnosis by Defendants, Plaintiff has received psychological treatment and continues to receive psychological treatment.

### COUNT I
### PLAINTIFF v. DEFENDANTS
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27.     Plaintiff hereby incorporates by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

28.     Defendants' actions constitute outrageous conduct insofar as Plaintiff was misdiagnosed with HIV by Defendants, and this diagnosis was reaffirmed in records and in person by Defendants at several appointments over several years.

29.     Defendants negligently caused Plaintiff Gonzalez emotional distress, and/or acted in disregard of the probability of causing Plaintiff Gonzalez emotional distress in committing these acts.

30.     As a further result of Defendants' negligence as aforesaid, Plaintiff has suffered severe mental and emotional distress that has physically manifested itself as symptoms, including, but not limited to:

     a.    Anxiety;

     b.    Psychological Illness;

     c.    Nightmares;

     d.    Night Sweats;

     e.    Vomiting;

4

    f.     Depression;

    g.     Suicidal Thoughts; and

    h.     Complete Withdrawal from Society

31.    As a further result of Defendants' negligence as aforesaid, Plaintiff has undergone great physical pain, suffering and mental anguish, and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

32.    As a further result of Defendants/ negligence as aforesaid, Plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and Plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

33.    As a further result of Defendants' negligence as aforesaid, Plaintiff has suffered injuries which are permanent, irreparable and severe.

34.    As a further result of Defendants' negligence as aforesaid, Plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the Plaintiff would have performed, not for income, but for the benefit of himself, had he not been so grievously injured.

35.    As a further result of Defendants' negligence as aforesaid, Plaintiff has incurred associated incidental expenses for which the Defendant is liable.

36.    As a further result of Defendants' negligence as aforesaid, Plaintiff has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future.

37.    The acts and/or omissions set forth above would constitute a claim under the Commonwealth of Pennsylvania.

38.    Defendant is liable pursuant to 28 U.S.C. §1346(b)(1).

**COUNT II**
**PLAINTIFF v. DEFENDANT SHUBHRA SHETTY, M.D.**
**NEGLIGENCE**

39.    Plaintiff hereby incorporates by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

40.     Defendant Shubhra Shetty M.D. (hereinafter "Shetty") owed Plaintiff a duty to possess and exercise that degree of professional skill, care and knowledge ordinarily possessed and exercised by and/or required of practitioners within the health care profession and/or within Shetty's field of specialization.

41.     Defendant Shetty owed Plaintiff a duty to provide him medical care in conformity with the applicable standard of care.

42.     Defendant Shetty breached the aforesaid duties to Plaintiff by committing the following negligent acts or omissions:

    a.   Misdiagnosis of HIV;

    b.   Failure to properly and adequately test for HIV;

    c.   Failure to properly and adequately inform Plaintiff of his test results;

    d.   Failure to make appropriate treatment recommendations which would have discovered the misdiagnosis;

    e.   Failure to order follow-up testing which would have discovered the misdiagnosis;

    f.   Failure to order additional diagnostic testing;

    g.   Failure to timely recommend additional diagnostic testing;

    h.   Failure to conduct a full and appropriate assessment of Plaintiff;

    i.   Failure to consider alternative diagnosis; and

    j.   Failure to appreciate risk of harm posed to Plaintiff by misdiagnosing HIV.

43.     Had the medical treatment provided to Plaintiff conformed to the requisite standards of medical care, Plaintiff would not have been misdiagnosed with HIV.

44.     As a further result of Defendant's negligence as aforesaid, Plaintiff has undergone great physical pain, suffering and mental anguish, and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

45.     As a further result of Defendant's negligence as aforesaid, Plaintiff has suffered severe mental and emotional distress that has physically manifested itself as symptoms, including, but not limited to:

     a.       Anxiety;

     b.       Psychological Illness;

     c.       Nightmares;

     d.       Night Sweats;

     e.       Vomiting;

     f.       Depression;

     g.       Suicidal Thoughts; and

     h.       Complete Withdrawal from Society.

46.     As a further result of Defendant's negligence as aforesaid, Plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and Plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

47.     As a further result of Defendant's negligence as aforesaid, Plaintiff has suffered injuries which are permanent, irreparable and severe.

48.     As a further result of Defendant's negligence as aforesaid, Plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the Plaintiff would have performed, not for income, but for the benefit of himself, had he not been so grievously injured.

49.     As a further result of Defendant's negligence as aforesaid, Plaintiff has incurred associated incidental expenses for which the Defendant is liable.

50.     As a further result of Defendant's negligence as aforesaid, Plaintiff has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future.

51.     The aforesaid acts of negligence by Defendant Shetty increased the risk of harm that Plaintiff would suffer the severe and permanent injuries described herein.

52.     The acts and/or omissions set forth above would constitute a claim under the Commonwealth of Pennsylvania.

53.     Defendant is liable pursuant to 28 U.S.C. §1346(b)(1).

## COUNT III
## PLAINTIFF v. DEFENDANT UNITED STATES OF AMERICA
## NEGLIGENCE

54.     Plaintiff hereby incorporates by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

55.     Defendant, United States of America, through its agency, U.S. Department of Veterans Affairs d/b/a Philadelphia VA Medical Center, by and through its ostensible agent, agent, servant and/or employee, defendant Shetty, owed Plaintiff a duty to possess and exercise that degree of professional skill, care and knowledge ordinarily possessed and exercised by and/or required of practitioners within the health care profession.

56.     Defendant, United States of America, through its agency, U.S. Department of Veterans Affairs d/b/a Philadelphia VA Medical Center, by and through its ostensible agent, agent, servant and/or employee, defendant Shetty, owed Plaintiff a duty to provide medical care in conformity with the applicable standard of care.

57.     Under a theory of *respondeat superior*, Defendant, United States of America, through its agency, U.S. Department of Veterans Affairs d/b/a Philadelphia VA Medical Center, by and through its ostensible agent, agent, servant and/or employee, breached the aforesaid duties to Plaintiff by committing all of the aforementioned negligent acts attributed to Defendant Shetty (Count II).

58.     Had the medical treatment provided to Plaintiff conformed to the requisite standards of medical care, Plaintiff would not have been misdiagnosed with HIV.

59.     As a further result of Defendant's negligence as aforesaid, Plaintiff has undergone great physical pain, suffering and mental anguish, and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

60.     As a further result of Defendant's negligence as aforesaid, Plaintiff has suffered severe mental and emotional distress that has physically manifested itself as symptoms, including, but not limited to:

      a.      Anxiety;

      b.      Psychological Illness;

    c.       Nightmares;

    d.       Night Sweats;

    e.       Vomiting;

    f.       Depression;

    g.       Suicidal Thoughts; and

    h.       Complete Withdrawal from Society.

61.     As a further result of Defendant's negligence as aforesaid, Plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and Plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

62.     As a further result of Defendant's negligence as aforesaid, Plaintiff has suffered injuries which are permanent, irreparable and severe.

63.     As a further result of Defendant's negligence as aforesaid, Plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the Plaintiff would have performed, not for income, but for the benefit of himself, had he not been so grievously injured.

64.     As a further result of Defendant's negligence as aforesaid, Plaintiff has incurred associated incidental expenses for which the Defendant is liable.

65.     As a further result of Defendant's negligence as aforesaid, Plaintiff has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future.

66.     The aforesaid acts of negligence by Defendant Shetty increased the risk of harm that Plaintiff would suffer the severe and permanent injuries described herein.

67.     The acts and/or omissions set forth above would constitute a claim under the Commonwealth of Pennsylvania.

68.     Defendant is liable pursuant to 28 U.S.C. §1346(b)(1).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Miguel Gonzalez, does hereby pray that judgment be entered in his favor and against the Defendants as follows:

1)      Medical expenses, pain and suffering, future impairment and loss of enjoyment of life totaling $20,000,000.00, and,

2)      Costs and attorney's fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.


WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER

BY: _____
SAMUEL A. ANYAN, JR., ESQUIRE
WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER
2000 Market Street, Suite 2750
Philadelphia, PA  19103-4433
Identification No. 202503
Attorneys for Plaintiff

# EXHIBIT "A"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse.) Number, Street, City, State and Zip code. |
|---|---|
| US Department of Veteran Affairs<br>Office of General Counsel<br>Regional Counsel Office - Philadelphia<br>5000 Wissahickon Avenue<br>Philadelphia, PA 19144 | Miguel Gonzalez<br>1250 Anders Road<br>Lansdale, PA 19446 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 2/21/49 | Separated | November 1998 | Unknown |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Claimant was erroneously informed he was HIV+ by the doctors at the Philadelphia VA in November 1998. This caused him severe mental and emotional anguish as well as withdrawal from family, friends and life. Claimant learned in November 2014 that he is not HIV+.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

None.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

None.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Claimant suffered severe mental and emotional distress culminating in anxiety, psychological illness, nightmares, night sweats, vomiting, suicidal thoughts, and a complete withdrawal from society due to medical negligence and negligent infliction of emotional distress

| 11. | | WITNESSES |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Emily Centeno | 1250 Anders Road, Lansdale, PA 19446 |
| Michele Rivera | 7123 Oakland Street, Philadelphia, PA 19149 |
| See attached sheet | |

| 12. (See instructions on reverse.) | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| None | $20,000,000 | None | $20,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 215-569-0900 | 6/29/15 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

*N/A*

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☐ No | **17. If deductible, state amount.**

*N/A*                                                                                                      *N/A*

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).**

*N/A*

**19. Do you carry public liability and property damage insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

*N/A*

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d)  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A.  *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute this form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

David Centeno - 1250 Anders Road, Lansdale, PA 19446

Pedro Garcia - P.O. Box 46213, Philadelphia, PA 19160

# EXHIBIT "B"



**U.S. Department of Veterans Affairs**
**Office of Regional Counsel**
**Region 4**

---

**Janeecia Bing, Paralegal Specialist**
**Direct Dial (215) 842-2000 Ext. 2144**

**Regional Office and Insurance Center**
**5000 Wissahickon Avenue**
**Philadelphia, PA 19144**
**(215) 381-3167   Fax No.: (215) 381-3147**

**July 31, 2015**

**In reply refer to:**
**RC 4 Case No.: 11954**

Samuel A. Anyan, Jr., Esquire
2000 Market Street
Suite 2750
Philadelphia, PA 19103

> SUBJ: *GONZALEZ, Miguel (last 4 SS - 9136)*
> *Administrative Tort Claim*

Dear Attorney Anyan:

This is to acknowledge receipt of the Standard Form 95, Claim for Damage, Injury, or Death, filed by you on July 1, 2015 on behalf of your client, Miguel Gonzalez. In order for us to further investigate and adjudicate this administrative tort claim, we request that you forward the following information to support the claims of negligence, injury and damages. (See 28 Code of Federal Regulations § 14.4)

> (1) a written report by the attending physician setting forth the nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity;
>
> (2) itemized bills for medical and hospital expenses incurred, or itemized receipts of payments for such expenses;
>
> (3) if the prognosis reveals the need for future treatment, a statement of expected expenses for such treatment;
>
> (4) a copy of the expert medical opinion you are relying on to support the allegations of negligence and damages in this case;

2.

(5)   copies of all medical records for treatment received by non-VA hospitals and physicians from PERIOD OF ONE YEAR PRIOR TO INCIDENT CONTINUING TO THE PRESENT DATE;

(6)   if a claim is made for loss of time from employment, a written statement from Mr. Gonzalez's employer showing actual time lost from employment, whether he was a full-time or part-time employee, and wages or salary actually lost;

(7)   if a claim is made for loss of income and Mr. Gonzalez was self-employed, documentary evidence showing the amount of earnings actually lost;

(8)   any other evidence or information which may have a bearing on either the responsibility of the United States for the injury or the damages claimed.

Please provide us with a copy of the fee agreement between you and NAME.

Upon receipt of all of the information and evidence outlined above, this office will conduct an investigation of the circumstances that gave rise to your claim and you will be advised of our decision at the earliest opportunity.   Please note that pursuant to the Federal Tort Claims Act (FTCA)*, a Federal Agency has six months from the date this claim was received in which to investigate a tort claim,   July 1, 2015.   The case has been assigned to Staff Attorney,   Stephen M. Pahides.

If you have any further questions regarding this matter, you may write to the above address or call Staff Attorney Stephen M. Pahides at 215-842-2000, ext. 2147.   Thank you for your cooperation.

Sincerely,

STEPHEN M. PAHIDES
Staff Attorney

By:

JANEECIA BING
Paralegal Specialist

*FTCA claims are governed by a combination of Federal and State laws.   Some state laws may limit or bar a claim or law suit.   VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.